UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEVIN GROUNDS,<br><br>    Plaintiff,<br><br>    v.<br><br>BRIAN ENGLISH, ERTEL, BENNETT,<br>JOSH SNOW, and SMITH,<br><br>    Defendants. | CAUSE NO. 3:25-CV-544-HAB-ALT |

OPINION AND ORDER

Devin Grounds, a prisoner without a lawyer, filed a complaint. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Grounds alleges that he has a long history of mental health problems that he had been receiving treatment for at Miami Correctional Facility. Near the end of 2024, Grounds alleges that he was having a mental health crisis. He tried to reach out for help, but no one responded. He says his condition became so acute that on November 7, 2024, he had a "massive mental breakdown," which led him trying to climb the

fourteen-foot fence surrounding the prison grounds. ECF 7 at 3. According to the investigation report of the incident (ECF 7-1 at 3-4), video shows that when Grounds reached the top of the fence, he began to struggle getting through the razor wire and severely cut his right wrist. He lost his grip and fell to the ground. He walked back to his housing unit, but a correctional officer noticed a trail of blood and followed it to Grounds. He is currently facing escape charges for the incident. *See State v. Grounds*, No. 52D01-2504-F5-000101 (Miami Super. Ct. filed Apr. 7, 2025). Grounds says that because of his injuries from this incident, he can't feel half of his right hand.

Grounds sues Warden Brian English, Deputy Warden Ertel, Deputy Warden Smith, Major Bennett, and D.I.I. Josh Snow, alleging that these officials are responsible for the atmosphere at the prison where there is no accountability, no structure, and little to no mental health services. He also blames them for not stationing a correctional officer in the yard where he climbed the fence, giving him the opportunity to do it.

As an initial matter, Grounds does not allege that any of these defendants were personally involved in obtaining treatment for his mental health struggles leading up to his breakdown. He sues them because "they are the top of this facility," implying they are being sued because each has a supervisory role at the prison. ECF 7 at 4. Supervisory officials cannot be held liable under 42 U.S.C. § 1983 based solely on the actions of the people they supervise. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (noting that liability under § 1983 is based on personal responsibility and that prison officials cannot be held liable for damages solely because they hold supervisory positions). Liability depends on a defendant's individual participation in the alleged

2

constitutional violation. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). For a supervisor to have the necessary personal involvement in an alleged violation of their subordinates, he must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012).

Here, Grounds has not plausibly alleged a basis to hold these supervisory defendants liable for his allegedly inadequate mental health care at Miami Correctional Facility. Under the Eighth Amendment, inmates are entitled to adequate medical care, which includes mental health care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for the denial of this right, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up). Here, there are no allegations that these supervisory officials were aware of Grounds' struggles in getting mental health care, and so there is no basis to conclude any of them facilitated, approved, condoned, or turned a blind eye to the problem.

Similarly, the allegations that these defendants are responsible for an atmosphere at the prison where there is no accountability or structure are too vague to allow the court to determine how each defendant was responsible for the atmosphere or how the

3

atmosphere contributed to Grounds' injury. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted).

      Finally, in looking at the alleged failure to station a correctional officer in this part of the yard, there are no allegations that the supervisory defendants were aware that there was a substantial risk that a prisoner would attempt to climb the fence here. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In situations where a prison official allegedly failed to prevent harm, "a prison official may be found liable only if he 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Boyce v. Moore*, 314 F.3d 884, 888 (7th Cir. 2002) (quoting *Farmer*,

4

511 U.S. at 837). Here, there are no facts alleged that would allow a reasonable inference that these supervisory officials were aware that this portion of the yard was particularly dangerous or susceptible to escape attempts such that it would require extra staffing.

This complaint does not state a claim for which relief can be granted. If Grounds believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Devin Grounds until **December 8, 2025**, to file an amended complaint; and

(2) CAUTIONS Devin Grounds if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 4, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

5